IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.  17-CR-6107G

ISRAEL CEDENO-MARTINEZ a/k/a Punta,

        Defendant.

_____

### PLEA AGREEMENT

The defendant, ISRAEL CEDENO-MARTINEZ a/k/a Punta, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of heroin), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a $8,000,000 fine, a mandatory $100 special assessment, and a term of supervised release of at least 8 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, prior to the entry of the guilty plea, the government will file an information pursuant to Title 21, United States Code, Section 851 alleging one of the defendant's prior drug felony convictions as the basis for the imposition of the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(B). The defendant admits that the defendant has a prior drug felony conviction for Possession of a Controlled Dangerous Substance (heroin) with Intent to Distribute on May 12, 2006, from Superior Court, Mercer County, New Jersey, which subjects the defendant to the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(B).

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years without credit for time previously served on supervised release.

## II. ELEMENTS AND FACTUAL BASIS

4. The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute, or to distribute, 100 grams or more of a mixture or substance containing a detectable amount of heroin;

Second, that the defendant knew of the existence of the agreement;

Third, that the defendant intended to participate in the unlawful agreement; and

Fourth, that at least 100 grams of a mixture or substance containing a detectable amount of heroin was reasonably foreseeable to the defendant as being within the scope of the agreement.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Between in or about 2012, and in or about September 2016, in Chemung County, Western District of New York, and elsewhere, the defendant, **ISRAEL CEDENO-MARTINEZ a/k/a Punta**, did knowingly, willfully and unlawfully conspire and agree with Mark Jones, Jr. a/k/a Poop and others, known and unknown, to possess with intent to distribute, and to distribute, 100 grams or more of heroin, a Schedule I controlled substance. The defendant's involvement in the conspiracy included, among other things, direct distribution of heroin to others and facilitating third party purchases of heroin. The defendant supplied heroin to Mark Jones, Jr. a/k/a Poop and others in New Jersey for distribution in Elmira, New York, and Wilkes-Barres, PA. The defendant understood that the goal or aim of the conspiracy he was involved in was to unlawfully sell the controlled substance for profit.

## III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

3

## BASE OFFENSE LEVEL

7. The defendant acknowledges that the defendant has the following convictions and sentences:

   a. **Crime of Conviction**: Distributing or Possessing with Intent to Distribute a Drug
   **Date of Conviction**: November 21, 2008
   **Court of Conviction**: Middlesex Superior Court, Massachusetts
   **Sentence upon Conviction**: 4 years imprisonment

   b. **Crime of Conviction**: Possession of a Controlled Dangerous Substance (heroin) with Intent to Distribute
   **Date of Conviction**: May 12, 2006
   **Court of Conviction**: Superior Court, Mercer County, New Jersey
   **Sentence upon Conviction**: 10 years imprisonment

Therefore, it is the understanding of the government and the defendant that the defendant is a Career Offender (Guidelines § 4B1.1(b)(1)). As a result, the defendant's base offense level is 37.

## ACCEPTANCE OF RESPONSIBILITY

8. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 34.

## CRIMINAL HISTORY CATEGORY

9. As it is the understanding of the parties that the defendant is a Career Offender, the defendant's criminal history category is VI.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10. It is the understanding of the government and the defendant that, with a total offense level of 34 and criminal history category of VI, the defendant's sentencing range would be a term of imprisonment of **262 to 327** months, a fine of **$35,000** to **$8,000,000**, and a period of supervised release of **8** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in Paragraph 1 of this agreement.

11. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

12. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

14. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charges and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement, including the amount of fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and

6

statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

15. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

16. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

17. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

18. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for

imprisonment, a fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.  TOTAL AGREEMENT AND AFFIRMATIONS

19.    This plea agreement represents the total agreement between the defendant, **ISRAEL CEDENO-MARTINEZ a/k/a Punta**, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:  _____
ROBERT A. MARANGOLA
Assistant U.S. Attorney

Dated: June  20 , 2018

## ACKNOWLEDGEMENT

I have read this agreement, which consists of 10 pages.  I have had a full opportunity to discuss this agreement with my attorney, Jon P. Getz, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or

8

representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
ISRAEL CEDENO-MARTINEZ  
Defendant

Dated: June 20, 2018

_____  
JON P. GETZ, ESQ.  
Attorney for the Defendant

Dated: June 20, 2018

**Interpreter**

_____Carlos Azyirra_____ hereby affirms under penalty of perjury that I am a **Spanish** Interpreter and that I have carefully and fully translated the entire plea agreement (set forth above) to the defendant, Israel Cedeno-Martinez, further that the defendant has indicated to me that the defendant understands the terms of this plea agreement and that by signing this agreement, the defendant agrees to all of its terms and conditions; the defendant has further specifically acknowledged to me that the defendant is signing the agreement voluntarily and after full consultation with the defendant's attorney, Jon P. Getz, Esq.

DATED: Rochester, New York, June 20, 2018.

_____
Interpreter