UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ISRAEL CEDENO-MARTINEZ,

                                  Petitioner,

                                                                     Case # 17-CR-6107-FPG
                                                                       20-CV-6066-FPG

v.

                                                                    DECISION AND ORDER

UNITED STATES OF AMERICA,

                                Respondent.
_____

## INTRODUCTION

Petitioner Israel Cedeno-Martinez brings a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, ECF No. 163, and a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 168. The government opposes both motions. ECF Nos. 167, 171. For the reasons that follow, Petitioner's motions are DENIED.

## DISCUSSION

### I.    Motion to Vacate Sentence (ECF No. 163)

On June 20, 2018, Petitioner pleaded guilty to conspiracy with intent to distribute 100 grams or more of heroin. ECF No. 142, 143. At the plea hearing, Petitioner confirmed that he reviewed the plea agreement with his attorney, Jon P. Getz, and was satisfied with his representation. ECF No. 162 at 4. Petitioner also indicated that he was not being forced or threatened to enter a guilty plea. *Id.* at 3-4. The Court found that Petitioner's plea was knowing and voluntary. *Id.* at 24.

Due to two prior convictions, Petitioner was found to be a career offender. *Id.* at 15. Petitioner's base offense level was calculated at 37, and he received a three-level downward adjustment for acceptance of responsibility. *Id.* A base offense level of 34 combined with

1

Petitioner's criminal history category of VI resulted in a guidelines sentence of 262 to 327 months. *Id.*

At sentencing on October 22, 2018, the Court was made aware of an intervening change in law such that Petitioner was no longer considered a career offender. *See* ECF No. 167 at 2; ECF No. 159 at 13. The Court re-calculated Petitioner's guideline sentence range to 121 to 151 months. *Id.* at 25. Petitioner's offense level was re-calculated to 29—with a base offense level of 30, Petitioner received a two-level upward adjustment for maintaining a premises for the distribution of a controlled substance and a three-level downward adjustment for acceptance of responsibility and had a criminal history category of IV. *Id.* at 8-9, 23-25.

Attorney Getz raised two main objections at sentencing, arguing that the base offense level should be lowered given the amount of drugs involved, and that Petitioner should not receive a two-level upward adjustment for maintaining a premises for distribution. ECF No. 159 at 2. After hearing argument from both the government and defense counsel, the Court sentenced Petitioner to 151 months' incarceration and 8 years' supervised release. ECF No. 154; ECF No. 159 at 27.

Petitioner directly appealed his sentence. ECF No. 164. The Second Circuit Court of Appeals rejected Petitioner's argument that the Court had failed to adequately explain his sentence. *Id.* at 4. The Second Circuit also affirmed the Court's findings that Petitioner's relevant conduct involved one or more kilograms of heroin and that Petitioner qualified for a two-level enhancement for maintaining a premises for distribution. *Id.* at 5-6. Finally, the Second Circuit concluded that Petitioner's sentence was not substantively unreasonable. *Id.* at 6.

In his motion to vacate, Petitioner argues that he received ineffective assistance of counsel in four ways: (1) counsel allowed the Court to adopt a pre-sentence investigation report ("PSR") containing the incorrect drug quantity; (2) counsel failed to properly challenge the two-level

premises enhancement; (3) counsel allowed Petitioner to sign a plea agreement that was based on misinformation; and (4) counsel failed to present correct facts pertaining to the 18 U.S.C. § 3553(a) factors. ECF No. 163 at 4, 5, 7, 8.  Petitioner asks the Court to vacate his conviction and sentence and reduce his supervised release period to three years. *Id.* at 13.

### A. Legal Standards for Section 2255 and Ineffective Assistance of Counsel Claims

28 U.S.C. § 2255(a) provides that

> a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Collateral relief is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokum*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks and citation omitted). A petitioner "has the burden of meeting the two-pronged test for ineffective assistance set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), by showing: (i) that counsel's performance was deficient and (ii) that the deficient performance prejudiced the defense." *Chang v. United States*, 250 F.3d 79, 84 (2d Cir. 2001) (internal citation and quotation marks omitted).  A claim of ineffective assistance of counsel "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).  Accordingly, the Court will review each of Petitioner's claims below to determine whether he has established ineffective assistance of counsel.

**B.     Analysis**

    **1.     The Court's Relevant Conduct Determination was Not Erroneous**

Petitioner's first argument is premised on the assertion that the relevant conduct listed in the PSR—*i.e.*, the drug quantity—was incorrect and that counsel was therefore ineffective for allowing the Court to adopt it. ECF No. 163 at 4, 22, 26, 28. As an initial matter, the Second Circuit has already ruled that the Court's relevant conduct determination was not erroneous. ECF No. 164 at 3. Petitioner fails to raise a cognizable Section 2255 claim because the Court's finding on the facts underlying Defendant's ineffective assistance of counsel claim has already been upheld. *See United States v. Murphy*, Nos. 01-CR-6087 CJS, 08-CV-6212 CJS, 2015 WL 13864805, at *7-8 (W.D.N.Y. May 15, 2015) (on Section 2255 motion, where petitioner argued on direct appeal that his base offense level was incorrect, and appeals court upheld district court's determination, petitioner could not raise "variations of the very same arguments that he unsuccessfully raised on appeal. . . . including any possible ineffective assistance claim"); *King v. United States*, No. 09 CV 4533(RJD), 2013 WL 530834, at *3 (E.D.N.Y. Feb. 13, 2013) (petitioner's claim that court improperly considered an element of his relevant conduct was not cognizable where "[t]he core of this claim was raised and rejected on [petitioner's] direct appeal; [petitioner] may not relitigate it on section 2255").

Moreover, counsel did in fact raise an objection at sentencing to the relevant conduct drug quantity. ECF No. 159 at 3-6. Thus, Petitioner's allegation cannot satisfy the first *Strickland* prong inasmuch as counsel actually did challenge the Court's determination.

    **2.     The Court Did Not Err in Applying a Two-Level Enhancement**

Similarly, Petitioner's argument that counsel was ineffective because he failed to properly challenge the two-level enhancement to Petitioner's offense level must also be dismissed because

the Second Circuit found no error in the Court's determination and, in any event, counsel did so object.

The Second Circuit affirmed the two-level enhancement for maintaining a premises for distribution of a controlled substance. ECF No. 164 at 6. For the reasons already discussed, because the underlying factual determination has been upheld, Petitioner's claim for ineffective assistance of counsel is not cognizable.

In addition, Petitioner's claim for ineffective assistance of counsel for failing to object and raise specific facts must fail as it is plainly contradicted by the record. At sentencing, counsel provided substantial argument in opposition to the two-level enhancement, and explicitly stated "we do object and suggest that that two point enhancement does not apply." ECF No. 159 at 4. Counsel's performance cannot be deficient when he did in fact object, presenting much of the facts Petitioner claims he did not. *Id.* at 3-6; *see Ruiz v. United States*, Nos. 06 Cr. 294(SHS), 09 Civ. 8545(SHS), 2011 WL 2161864, at *3 (S.D.N.Y. May 25, 2011) (counsel's performance was not deficient for allegedly failing to argue for a below-guidelines sentence when counsel "*did* argue for a sentence below the Guidelines range").

### 3. Petitioner's Plea was Knowing and Voluntary

Petitioner argues that counsel was ineffective for inducing him to plead to possession of 100 grams or more of heroin when the government only had evidence sufficient to prove a lower amount. ECF No. 163 at 7. This argument is another variation on Petitioner's contention that the relevant conduct drug quantity was erroneous. As the Court has already discussed, that argument fails.

To the extent that Petitioner challenges the knowing and voluntary nature of his plea, that argument, too, fails. "Ineffective assistance of counsel . . . can invalidate a guilty plea . . . to the

5

extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). With respect to ineffective assistance of counsel claims that relate to a decision to enter into a plea agreement, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner has not met his burden.

First, there are no allegations to support a claim that defense counsel was objectively unreasonable in negotiating the plea agreement. The Court conducted an extensive colloquy at Petitioner's plea hearing. He explicitly assured the Court that he was not coerced into accepting the plea and was satisfied with counsel's representations:

> THE COURT: Is anybody forcing you, coercing you, or threatening you to enter a plea of guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Have you had a chance to review this agreement with your attorney Mr. Getz?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you satisfied with his representations?
>
> THE DEFENDANT: Yes, sir.

ECF No. 162 at 3-4, 20.

Second, even if Petitioner had shown that his counsel's performance was deficient under *Strickland*, there is no evidence and Petitioner does not argue that there is a "reasonable probability" that but for his counsel's alleged error he would not have pleaded guilty and would

have insisted on proceeding to trial. *Hill*, 474 U.S. at 59. Petitioner fails to establish ineffective assistance of counsel in relation to counsel's advice to accept the plea agreement and plead guilty.

### 4. Counsel Presented Facts Relevant to Section 3353(a) Factors

18 U.S.C. § 3553(a) lists a set of factors courts must consider when imposing a sentence of imprisonment, including, *inter alia*, the "nature and circumstances of the offense and the history and characteristics of the defendant," "the kinds of sentences available," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Petitioner argues defense counsel was ineffective for failing to present facts related to sentencing disparities, particularly among the sentences of his co-defendants. ECF No. 163 at 34-35. In his sentencing statement, which the Court reviewed, Attorney Getz provided extensive analysis under each Section 3553(a) factor, including the sentencing disparity factor. ECF No. 150 ¶¶ 28-56. Inasmuch as counsel did present facts relevant to the sentencing factors, Petitioner's allegation does not satisfy the first *Strickland* prong. *See Abad v. United States*¸ Nos. 12 Civ. 6567(JFK), 09 Cr. 525(JFK), 2015 WL 4922760, at *5-6 (S.D.N.Y. Aug. 18, 2015) (where petitioner alleged counsel did not raise specific points that clearly were raised in sentencing memorandum, court found "to the extent [petitioner] argues that counsel should have done more to highlight any of the above factors, that claim is not sufficient to vacate his conviction or alter his sentence").

For the foregoing reasons, none of Petitioner's arguments have merit, and his motion to vacate his sentence is DENIED.

**II.     Motion for Compassionate Release (ECF No. 168)**

Petitioner brings a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the Coronavirus Disease 2019 ("COVID-19") pandemic. ECF No. 168 at 6. For the following reasons, his motion is DENIED.

**A.     Background**

Petitioner, who is 44 years old, is currently housed at Allenwood Low FCI ("Allenwood") following his sentence to 151 months' incarceration. ECF No. 168 at 10; ECF No. 171 at 5. He has served 43 months which is just over a quarter of his sentence. ECF No. 168 at 8. Petitioner's criminal history category is IV and involved a host of prior arrests, including at least two felony drug offenses in 2002 and 2005.[1] ECF No. 152 at 18-20; ECF No. 159 at 23-24; ECF No. 171 at 2. Each felony drug arrest resulted in a guilty plea. ECF No. 152 at 18-20.

Petitioner alleges he is at an increased risk for contracting COVID-19 due to his hypertension, type II diabetes, diabetic neuropathy, chronic stasis dermatitis due to chronic venous insufficiencies, varicose veins, and allergies. ECF No. 168 at 8, 11, 15. No medical records have been provided to confirm these conditions, but his PSR indicated he has high cholesterol, diabetes, and diabetic neuropathy. ECF No. 152 at 25. He is on Lisinopril although he alleges that he cannot tolerate the generic form of the medication the Federal Bureau of Prisons is able to provide. ECF No. 172 at 2. By taking his medication, Petitioner claims he is at risk for fainting spells, elevated vitals, and heart attack, but has not alleged that he has experienced these side effects. *Id.*

On April 29, 2020, Petitioner's application to the warden of Allenwood for compassionate release was denied because "although [Petitioner] has medical concerns, they are not debilitating," he is not over the age of 65, and has completed less than half his sentence. ECF No. 168 at 20-21.

---

[1] As noted at sentencing, a 2003 felony drug conviction in Massachusetts is currently under review, but to the best of the Court's knowledge, has not yet been overturned. ECF No. 159 at 9-10, 13, 18, 21, 24.

Allenwood has no inmates or staff with COVID-19.[2] ECF No. 171 at 1-2. Allenwood instituted a mandatory 14-day quarantine upon entry; has severely limited movement around the facility and group gatherings except to facilitate necessities such as showering, laundry, and telephone and computer use; is conducting temperature screenings and monitoring staff and inmates for symptoms; provided face coverings to staff and inmates; stopped social visits and only permits contractor visits for essential services and legal visits on a case-by-case basis after screening the attorney; and increased telephone allowances as a result of the visitor restrictions. ECF No. 171 at 7-8.

**B.     Analysis**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (quotation, citation, and internal brackets omitted). 18 U.S.C. § 3582(c)(1)(A) "provides one such statutory exception, often referred to as 'compassionate release.'" *Id.* Under Section 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if a petitioner can show (1) he has met the statutory exhaustion requirement; (2) "extraordinary and compelling reasons" warrant a reduction; (3) he is not a danger to the community; and (4) a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). *Id.* at *2.

Even if Petitioner could show extraordinary and compelling reasons warranting his release, he has not established that he is not a danger to the community or that a reduction in his sentence comports with the Section 3553(a) factors. *See United States v. Daugerdas*, No. 09-CR-581, 2020 WL 2097653, at *3, *5 (S.D.N.Y. May 1, 2020) (finding defendant with hypertension, high

---

[2] *COVID-19 Cases*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited June 24, 2020).

cholesterol, and diabetes was ineligible for compassionate release particularly where prison had no cases of COVID-19 and defendant remained a danger to the community).

Given the Petitioner's long criminal history involving at least two crimes similar to the instant offense, the Court is not assured by Petitioner's statement that "[t]here is little to no likelihood that Petitioner will commit another crime, especially if he will be in home confinement." ECF No. 168 at 14. Rather, given the severity of the conduct in this case, and that Petitioner has served just over a quarter of his sentence, the Section 3553(a) factors would not be served by his release now. *See United States v. Garcia*, No. 18 CR 802-04 (CM), 2020 WL 2468091, at *1, *6 (S.D.N.Y. May 13, 2020) (defendant, who pleaded guilty to possession of 100 grams or more of heroin and had, *inter alia*, high blood pressure and high cholesterol, was ineligible for compassionate release given his long criminal history and that he had completed only a quarter of his sentence despite age and health risk factors and presence of COVID-19 at his facility); *see also United States v. Poncedeleon*, No. 18-CR-6094-FPG, 2020 WL 3316107, at *3 (W.D.N.Y. June 18, 2020) (collecting cases denying compassionate release to inmates who have served "only a small portion of" their sentences because it would not comport with Section 3553(a) factors).

## CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate his sentence, ECF No. 163, is DENIED and his motion for compassionate release, ECF No. 168, is DENIED.

IT IS SO ORDERED.

Dated: June 25, 2020
      Rochester, New York

                                                HON. FRANK P. GERACI, JR.
                                                Chief Judge
                                                United States District Court